**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-CV-1045 |
| CNN BROADCASTING, INC.; CNN PRODUCTIONS, INC.; and CNN INTERACTIVE GROUP, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S OPPOSITION TO CNN'S MOTION TO DISMISS**

## I.     INTRODUCTION

This is a straightforward defamation case.  Defendants CNN Broadcasting, Inc., CNN Productions, Inc. and CNN Interactive Group, Inc. (collectively, "CNN") accused Plaintiff Donald J. Trump for President, Inc. (the "Campaign") of having "assessed the potential risks and benefits of again seeking Russia's help in 2020 and [] decided to leave that option on the table."  This was and is completely false:  the Campaign has done, and is doing, no such thing.

Despite CNN's attempts to dress this up as a matter of "opinion," this is a **factual** issue, not one of opinion.  Either the Campaign did, or did not, weigh the

costs and benefits of seeking Russian assistance in the election and decide to leave the option "on the table."  Any reasonable reader would construe this as a factual claim, not a matter of opinion, despite CNN's attempt to label the piece as a whole as an "opinion."  Under controlling case law, the label "opinion" is not dispositive, if a publication makes factual claims.

Further, there is extensive factual evidence that was available to CNN at the time of publication, and which CNN included its own reporting on the Campaign, confirming that its statements and accusations at issue were, and are, false. Accordingly, the Campaign has adequately pled actual malice.

CNN's motion does not present a legally cognizable ground to dismiss the Complaint.  Rather, CNN misrepresents the content of the defamatory statement that it published, improperly refers to material that is outside the record on a motion to dismiss, and seeks a dismissal based on empty rhetoric about the First Amendment, but unsupported by the actual case law which interprets it.

The Campaign is entitled to a determination by the jury on the **factual** issue of whether the Campaign "assessed the potential risks and benefits of again seeking Russia's help in 2020 and [] decided to leave that option on the table," and to present evidence that such statements could not be further from the truth.  The Complaint states a valid cause of action for defamation, including actual malice, and therefore

the instant Motion to Dismiss should be denied.

## II.    STATEMENT OF FACTS

### A. Allegations of Complaint[1]

On or about June 13, 2019, CNN published an article by Larry Noble entitled "Soliciting dirt on your opponents from a foreign government is a crime. Mueller should have charged Trump campaign officials with it" (the "Article"). *Complaint* [Dkt. 1] ¶ 12. The Article claims, among other things, that the Campaign "assessed the potential risks and benefits of again seeking Russia's help in 2020 and has decided to leave that option on the table." *Id.* No facts, reasoning or quotes are offered in the Article in support of this claim. *Id.*

The Article's claim is false. *Id.* ¶ 13. The Campaign has repeatedly and openly disclaimed any intention to seek any Russian involvement or assistance in the 2020 election. *Id.* The examples of this are too numerous to fully set forth herein, but include: (a) then-Press Secretary Sarah Sanders stated on August 2, 2018 that "[s]ince the beginning of his administration, President Trump has implemented a whole-of-government approach to safeguard our nation's elections. The President has made it clear that his administration will not tolerate foreign interference in our

---

[1] On this motion, the Court must "accept all of the factual allegations in [the] complaint as true". *Douglas v. United States*, 814 F.3d 1268, 1274 (11th Cir. 2016).

elections from any nation-state or other dangerous actor"; (b) on September 12, 2018, while signing an Executive Order imposing sanctions on foreign countries who interfere in United States elections, the White House issued a statement that "the United States will not tolerate any form of foreign meddling in our elections;" and (c) on May 13, 2019, the White House stated it would not use any information hacked or stolen by foreign adversaries in the 2020 election. *Id.* There have been no public statements made by the Campaign or the White House, or any other reliable public information with respect to the 2020 election that can be reasonably interpreted as the Campaign "seeking Russia's help," assessing the "risks and benefits" of it, or "leav[ing] that option on the table." *Id.* ¶14.

Furthermore, extensive reporting on the Campaign and its strategies, including by CNN, reveals that there have been no reports whatsoever (other than the Article) of any assessment by the Campaign to potentially seek Russian assistance in connection with the 2020 election, or any decision of the Campaign to "leave that option on the table." *Id.* ¶ 15.

Moreover, there is extensive public information that CNN, and Mr. Noble, are biased against the Campaign and its candidate, Mr. Trump. *Id.* ¶¶ 16–22. CNN producers and employees were caught on camera admitting the network's bias against Mr. Trump, and Mr. Noble has written numerous articles and tweets calling

Mr. Trump a criminal, a liar, and a cheat.  *Id.* ¶¶ 17–20, 22.

The Article's false allegations at issue have caused damage to the Campaign and, as a result, the Campaign must expend funds on advertisements to correct for that damage.  *Id.* ¶ 26.

### B. Procedural History

The Complaint was filed on March 6, 2020, alleging a single count of libel. [Dkt. 1]  CNN filed its motion to dismiss on June 5, 2020.  [Dkt. 16]

## III.   THE MOTION TO DISMISS SHOULD BE DENIED

### A. Standard on a Motion to Dismiss

For a defendant to prevail on a motion to dismiss, the defect must appear on the face of the complaint, *Chong v. Healthtronics, Inc.*, 285 Fed. Appx. 647, 648 (11th Cir. 2008), or from matters judicially noticeable, *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 (11th Cir. 1999).[2]  The pleading standard is minimal.  The complaint need merely "proffer enough factual content to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health & Human Services*, 623 F.3d 1371, 1381 (11th Cir. 2010) (internal quotation omitted).  "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a

---

[2] Judicial notice is limited to facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).

complaint as true and take them in the light most favorable to plaintiff…." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).  "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009); *accord Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) ("We emphasize that the complaint must be read as a whole.").

CNN cites to the rule that material referenced in the Complaint but not attached, or a web page that contains the defamatory statements, may be considered on a motion to dismiss.  While this is true, the rule is merely an application of the judicial notice rule; in such cases, there is no serious dispute as to the material that the defendant seeks to introduce.  *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002) (such materials are judicially noticeable because there is "little question of their authenticity"); *see* Fed. R. Evid. 201(b).  However, as set forth in more detail below, CNN abuses that rule here, attempting to bring in material that is not referenced in the Complaint at all and that is not otherwise judicially noticeable.

**B. Georgia Law Applies To This Action.**

Under Georgia conflicts principles, "the law of the jurisdiction where the publication occurs determines the rights and liabilities of the parties."  *Triguero v. ABN AMRO Bank N.V.*, 273 Ga. App. 92, 95, 614 S.E.2d 209, 212 (2005).  Here, the

publication occurred in Atlanta, where CNN is located.  Thus, Georgia law applies.

CNN argues that New York law applies here because it is the domicile of the plaintiff: the Campaign.  However, the case CNN cites, *Adventure Outdoors Inc. v. Bloomberg*, 519 F. Supp. 2d 1258, 1280 (N.D. Ga. 2007), *rev'd on other grounds*, 552 F.3d 1290 (11th Cir. 2008), does not apply an inflexible rule that the law of the state of the plaintiff's domicile always applies in a defamation case.  Rather, it holds that the law of the jurisdiction with the "most significant relationship" to the case will apply under the Restatement (Second) Conflict of Laws, which *Adventure Outdoors* asserts will "generally" be the plaintiff's domicile.  519 F. Supp. 2d at 1280.  *Adventure Outdoors* never says that it will always be the plaintiff's domicile.

The Restatement's "most significant relationship test" involves seven factors:

    (a)  the needs of the interstate and international systems,
    (b)  the relevant policies of the forum,
    (c)  the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
    (d)  the protection of justified expectations,
    (e)  the basic policies underlying the particular field of law,
    (f)  certainty, predictability and uniformity of result, and
    (g)  ease in the determination and application of the law to be applied.

*Restatement (Second) Conflict of Laws* § 6(2).

CNN offers **no analysis** as to why these factors supposedly favor applying New York law.  In fact, each factor either favors the application of Georgia law or is inapplicable to this case.  Factors (a) and (b) are irrelevant here, there are no

special policies of the international or interstate judicial systems with respect to conflicts rules in defamation cases. The remainder of the factors all favor the application of Georgia law: Georgia has an interest in ensuring that media companies that are headquartered in the state adhere to Georgia law. This will also ensure certainly, predictability, and uniformity of results with respect to any defamation cases brought against CNN, and ease in the determination and application of the law to be applied. If 50 different state laws were to be applied to lawsuits in Georgia regarding CNN's reporting, because CNN reports about people and entities in all 50 states, it would lead to inconsistent holdings, inconsistent application of the law, and enormous complexity.

Accordingly, factors (c), (d), (e), (f), and (g) all favor the application of Georgia law. Georgia has a greater interest in the uniform application of defamation rules to its publishers and broadcasters, who in turn have a justified expectation in their publications being governed by a single set of rules; the basic policies governing defamation law require a clear, consistent set of rules applied to each publisher; and this will promote certainty of result and ease of determination. The state with the most significant relationship to this case is Georgia, and therefore Georgia law should apply.[3]

---

[3] As set forth *infra*, this action should not be dismissed even if New York law applies.

### C. The Complaint Pleads the Elements of Defamation Under Georgia Law

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule."  O.C.G.A. § 51-5-1(a).

The Complaint pleads all these elements:

1.     The Complaint pleads falsity:  The Complaint pleads that CNN made a factual statement of and concerning the Campaign, specifically, that the Campaign "assessed the potential risks and benefits of again seeking Russia's help in 2020" (a false factual statement)  and "has decided to leave that option on the table" (a second false factual statement).  The Complaint pleads that these statements are false.

2.     The Complaint pleads that the Article tends to injure the Campaign's reputation and to expose it to hatred, contempt, or ridicule.  The Campaign also specifically alleges that it will have to expend money on corrective advertisements due to CNN's false statements of fact.  Further, the nature of the Article's accusation is particularly inflammatory, asserting that the Campaign is considering colluding with the Russian Federation, a nation whose interests have been at odds with the United States and which was accused of interfering in the 2016 election.  *See, e.g., Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 326 (1974) (holding accusations that plaintiff was a "Leninist" and a "communist-fronter" are actionable defamation).

9

3.      The Complaint pleads common law malice.  The false statement itself establishes malice.  *Schafer v. Time, Inc.*, 142 F.3d 1361, 1367 (11th Cir. 1998) ("Any statement can be malicious in the sense that it is of a type calculated to injure, regardless of how the writer feels towards his subject, if it suggests injurious (or, more plainly, bad) things about the subject to the ordinary reader."); *accord Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1320 (11th Cir. 1990).  While the Campaign was not required to allege malice specifically, it did so, in the form of extensive evidence of CNN's and Mr. Noble's animus towards the Campaign and its candidate, as well as the public evidence refuting CNN's and Mr. Noble's false accusations, and the lack of evidence supporting their false accusations.

4.      The Complaint pleads damages.  Because the defamation alleged tends to injure the Campaign in its trade, occupation, or business, no special damages need be alleged.  *Stalvey v. Atlanta Business Chronicle, Inc.*, 202 Ga. App. 597, 600, 414 S.E.2d 898, 901 (1992).  However, even so, the Complaint specifically alleges that it will have to incur the expenses of placing corrective advertisements as a result of CNN's defamatory statement.[4]

---

[4] The elements of defamation under New York law are similar to Georgia law and are well-pleaded here.  "In order to prove a claim for defamation, the plaintiff must show: (1) a false statement that is (2) published to a third party (3) without privilege or authorization and that (4) plaintiff is caused harm, unless the statement is one of

### D. The Statement in the Article is Not a Protected Opinion

CNN argues that the Article's statements that the Campaign actively assessed the "risks and benefits" of seeking Russian assistance in the 2020 election, and decision "to leave that option on the table" is a matter of opinion, and as such non-actionable.  This is incorrect.  The Article is not mere rhetoric, stating Mr. Noble's opinion as to whether he thinks the Campaign or the President is too close to Russia.  Rather, the Article states a factual claim:  that the Campaign affirmatively made an assessment of the "risks and benefits" of seeking Russian assistance in the 2020 election, and also that it made an affirmative decision to keep that "option" open.  These are **factual statements** about two actual decisions that the Campaign supposedly made—to conduct an assessment, and to leave an "option on the table."  That either did or did not happen—it is not a matter of opinion.

There is no constitutional protection for false statements of fact.  *Gertz*, 418 U.S. at 340 ("[T]here is no constitutional value in false statements of fact….").  There also is no "wholesale defamation exemption for anything that might be labeled 'opinion.'" *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18 (1990).[5]  To do so would

---

the types of publications actionable regardless of harm."  *Cardali v. Slater*, 57 N.Y.S.3d 342, 346 (N.Y. Supr. Ct. 2017).

[5] CNN admits that labeling the Article "opinion" is "not dispositive."  *Motion* at 18.

"ignore the fact that expressions of 'opinion' may often imply an assertion of objective fact." *Id.*

The test for opinion was set out in *Brewer v. Purvis*, 816 F. Supp. 1560, 1580 (M.D. Ga. 1993), *aff'd*, 44 F.3d 1008 (11th Cir.), *cert. denied sub nom.*, *Brewer v. Clarke County School District*, 514 U.S. 1111 (1995):  "[T]he district court must determine whether the defamatory assertion is factual enough to be proved true or false….  If it cannot be proved true or false then the opinion is constitutionally protected."  *Id.*; *see Eidson v. Berry*, 202 Ga. App. 587, 588; 415 S.E.2d 16, 17 (1992) ("The pivotal questions are whether defendant Berry's statements can reasonably be interpreted as stating or implying defamatory facts about plaintiff and, if so, whether the defamatory assertions are capable of being proved false.")

The Complaint easily satisfies this standard.  The claims that the Campaign made an assessment of the "risks and benefits" of seeking Russian assistance, and also made a decision to keep the possibility "on the table," are capable of being proven true or false, because the Campaign either did or did not make such an assessment, and either did or did not make such a decision.

New York law is in accord.  The New York doctrine on opinion is as follows:

> The key inquiry is whether challenged expression, however labeled by defendant, would reasonably appear to state or imply assertions of objective fact. In making this inquiry, courts cannot stop at literalism. The literal words of challenged statements do not entitle a media

defendant to 'opinion' immunity or a libel plaintiff to go forward with its action. In determining whether speech is actionable, courts must additionally consider the impression created by the words used as well as the general tenor of the expression, from the point of view of the reasonable person.

*Immuno AG v. Moor-Jankowski*, 567 N.E.2d 1270, 1273–74 (N.Y. 1991).

Under this definition, the Article is not an opinion. The "impression created by the words" is that the Campaign made a risks/benefits assessment of seeking Russia's assistance for the 2020 election, and made a decision based on that assessment to leave that option "on the table." These are objective, factual assertions—either the Campaign did or did not do these things. It is not an opinion.

CNN makes no serious argument that the Article is an "opinion" under Georgia law, leaving that position to an unsupported footnote. CNN's argument is based entirely on New York law, and has no merit even if New York law is applied. CNN cites *Moor-Jankowski* for the proposition that individual defamatory statements cannot be actionable when the article "as a whole" presents an author's opinion, *see Motion* at 15–16. This is not what *Moor-Jankowski* holds. In *Moor-Jankowski,* the court ruled that an opinion piece full of qualifiers like "appeared to be," "might well be," "could well happen" and "should be" could not be taken as making factual claims. 567 N.E.2d at 1281. The Article contains no such qualifiers.

*Moor-Jankowski* made clear that New York law, while requiring courts to take

into account the full context of the statement, does not provide a license for a media defendant to label a piece "opinion" and publish false statements of fact under that banner:   "A media defendant surely has no license to misportray facts; false statements are actionable when they would be perceived as factual by the reasonable person."  *Id.* at 1281.  The opinion privilege in New York is the privilege to publish a piece that does not "express[] or imply[] *any* facts".  *Id.* (emphasis in original).

Applying the *Moor-Jankowski* test, while the Article does contain opinions of and concerning the Campaign and the President relating to other issues, the statements pleaded in the Complaint are not opinions but rather false factual statements.  There is nothing whatsoever in the Article that would tell the reader that the statements at issue—that the Campaign made an assessment regarding seeking Russian assistance in the 2020 election, and also made a conscious decision to leave that option "on the table"—are not factual claims to be taken seriously.  Rather, these statements are portrayed as actual facts presented as true and offered for the purpose of supporting Mr. Noble's arguments and opinions.

An analogy would be if a newspaper published an opinion piece arguing that a college football coach should be fired (an opinion), but offered as support for that argument a false claim, made with actual malice, that the coach beat up one of his players and the player required hospitalization.  New York law would surely not

hold that just because the piece as a whole contained opinions, the false statement that the coach beat up the player would constitute protected, non-actionable opinion. Likewise, here, Mr. Noble's false factual statements at issue, that the Campaign has made an assessment regarding seeking Russian help in 2020, and has decided to leave that option "on the table" are actionable defamation even though they may be offered in support of some other opinion held by Mr. Noble.

Two years after *Moor-Jankowski*, the New York Court of Appeals confirmed that the opinion rule does not provide a free pass for media defendants to escape liability for defamatory statements:

> Thus, in determining whether a particular communication is actionable, we continue to recognize and utilize the important distinction between a statement of opinion that implies a basis in facts which are not disclosed to the reader or listener…, and a statement of opinion that is accompanied by a recitation of the facts on which it is based or one that does not imply the existence of undisclosed underlying facts…. **The former are actionable not because they convey "false opinions" but rather because a reasonable listener or reader would infer that "the speaker [or writer] knows certain facts, unknown to [the] audience, which support [the] opinion and are detrimental to the person [toward] whom [the communication is directed]"….**

*Gross v. New York Times Co.*, 623 N.E.2d 1163, 1168 (N.Y. 1993) (holding that a series of articles contained potentially actionable defamatory statements despite the fact that "not every word and assertion in the disputed articles is false or

defamatory") (emphasis added).[6]

Citing *Levin v. McPhee*, 119 F.3d 189, 197 (2d Cir. 1997), CNN implies that the Article "read in context, [is] readily understood as conjecture, hypothesis, or speculation," and thus constitutes protected opinion.  *Motion* [Dkt. 16-1] at 16. However, this is incorrect; read in context, the defamatory statement in the article is not presented as conjecture, hypothesis, or speculation, but as a factual claim as to an assessment, and a decision, that the Campaign has actually made.

*Cummings v. City of New York*, 2020 WL 882335 at *22 (S.D.N.Y. Feb. 24, 2020), cited by CNN, is entirely distinguishable.  The issue there was statements by a broadcaster that speculated on a schoolteacher's motives in attempting to demonstrate in her classroom the conditions that slaves faced.  The defendant there

---

[6] CNN argues that the Article's claims are based on disclosed facts.  *Motion* [Dkt. 16-1] at 19.  However, there are no facts disclosed in the Article in support of the claim that the Campaign made a decision to keep the option of seeking Russian assistance open.  The Article does not refer to anything that this factual claim is based on—not the Mueller Report, not any reporting on the 2020 presidential campaign—nothing at all.  This is confirmed by the purported "disclosed facts" that CNN cites to: (1) Rudolph Giuliani's announced trip to meet the president-elect of Ukraine; (2) an interview of Jared Kushner by Axios; and (3) President Trump's interview in which he discussed passively listening to Norway if it came to him with information about an opponent.  *Motion* [Dkt. 16-1] at 7.  These matters were not provided in the Article as support of the claim that the Campaign had decided to keep the possibility of seeking Russian assistance on the table, *i.e.,* they were not disclosed facts in support of an opinion.  Moreover, none of these matters offers any factual support at all to the claim at issue regarding the Campaign supposedly considering seeking Russian help in 2020.

speculated that the plaintiff "wanted to break their spirits" and "give them an inferiority complex." *Id.* These statements were held to be non-actionable. The defamatory statement in the Article is not speculation about the unexpressed subjective intent of the Campaign, rather, it is a claim that the Campaign made an actual deliberated decision to keep the possibility of Russian assistance on the table. *Cummings* has no application here. *Bruno v. New York News, Inc.*, 456 N.Y.S.2d 837, 840 (App. Div. 1982), which also involved claims about the plaintiff's unexpressed subjective intentions, is also distinguishable for the same reason.

CNN makes much of the asserted fact that the President stated to George Stephanopoulos in an interview that "there's nothing wrong with listening" if a foreign country such as Norway called with information on his opponent. *Motion* at 4. This hearsay statement is not within the pleadings, and is not judicially noticeable.

Even if it were cognizable on a motion to dismiss, it has nothing to do with the defamatory statement in the Article, which was that the Campaign had made a conscious decision to reserve the option of seeking **Russian** assistance (not Norwegian assistance) in the 2020 election. *Complaint* [Dkt. 1] ¶ 12. First, the President **made clear** that he was not speaking specifically of Russia when he used the hypothetical example of Norway contacting him. Second, "listening" when a foreign country offers information is not comparable in any way to reserving the

option of **affirmatively seeking** Russian assistance.  This distinction is at the heart of why CNN's statement is defamatory.  Had the Article simply alleged that the Campaign might use **unsolicited** information about an opponent's misconduct that was discovered by an ally of the United States, there would be no claim here—that statement would not be defamatory.

However, it is grossly defamatory to suggest that a political campaign has made a conscious decision to leave open the option of affirmatively seeking the assistance of a rival foreign power in attempting to win an election.   In the hypothetical scenario the President was discussing regarding listening to Norway, he would be doing nothing more than passively receiving information from a NATO ally.  In the scenario discussed in the Article, the Campaign is being accused of doing something entirely different and nefarious.[7]

### E.  The Complaint Sufficiently Alleges Actual Malice

The Campaign is concededly a public figure.  Thus, it must allege that CNN acted with "a high degree of awareness of probable falsity," *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 332 (1974), or, in other words, that there were "obvious reasons

---

[7] CNN makes a half-hearted argument that the Complaint does not plead the falsity of the statement that the Campaign has decided to leave the option of seeking Russian assistance on the table.  The Complaint contains express allegations that the statement is indeed false.  *Complaint* [Dkt. 1] ¶¶ 13, 29.

to doubt the veracity of the [author] or the accuracy of his reports." *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989).

Pleading actual malice is governed by the Supreme Court's standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). The actual malice allegations must meet a minimum standard of plausibility. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016).

The allegations in the Complaint easily satisfy this standard. The Campaign alleges in the Complaint several on-the-record statements by the Campaign disclaiming any intention to utilize Russian assistance in 2020. *Complaint* [Dkt. 1] ¶ 13. The Article does not cite to any sources, including any witnesses or documents, for its support of the statements at issue. Further, the Campaign alleges that CNN itself, as well as other outlets, have done extensive reporting on the Campaign's strategy, and yet there is not a single piece of reporting that supports the claim that the Campaign made a risks/benefits assessment regarding seeking Russian assistance in the 2020 election, or that a decision had been made to keep that "option on the table." *Id*., ¶¶ 15–16. These are more than sufficiently plausible allegations of actual malice to satisfy the *Iqbal*/*Twombly* pleading standard. *See, e.g., Howard v. Pope*, 282 Ga. App. 137, 139, 637 S.E.2d 854, 857 (2006) (holding that a political candidate's defamation suit against his opponent raised a triable issue of fact where

the defendant claimed the plaintiff put pornography in voters' mailboxes and the source who defendant relied upon did not actually know if plaintiff put anything in the mailboxes); *Lake Park Post, Inc. v. Farmer*, 264 Ga. App. 299, 302, 590 S.E.2d 254, 258 (2003) (holding that newspaper acted with actual malice when it published a statement that plaintiff was a "murderer" when the newspaper was aware of abundant evidence of plaintiff's innocence).

The actual malice standard is imposed by the U.S. Constitution and therefore it is no different in New York than in Georgia. Even so, New York case law strongly supports the Campaign's position here. The specific issue of pleading actual malice in a New York defamation action was recently addressed in *Palin v. New York Times Co.*, 940 F.3d 804 (2d Cir. 2019). In that case, former Alaska governor Sarah Palin sued the publisher of the *New York Times* for defamation, for a false statement in an opinion piece that her campaign mailer contributed to the shooting of Congresswoman Gabrielle Giffords. *Palin* is very similar to the case at bar, and ruled that the complaint adequately stated a cause of action for libel, including actual malice, and **reversed** the district court's order granting a Rule 12(b)(6) motion to dismiss. The complaint in *Palin*, like here, alleged that actual malice could be proven by, among other things, the *New York Times'* **prior** stories which showed that it was aware of the true facts, but published the false facts in the piece at issue,

in reckless disregard for the truth.  While not considering this dispositive, *Palin* also held relevant the plaintiff's allegations that the *Times* had been biased against her.

Here, CNN's arguments as to why actual malice supposedly is not adequately pled are without merit.  First, as noted above, the fact that the President made a statement to George Stephanopulous in which he allegedly indicated a potential willingness to passively accept information from Norway about the 2020 campaign does not negate actual malice, because that is a completely different claim than the statements at issue claiming that the Campaign first assessed and then made a decision to keep open the option of affirmatively seeking Russian assistance in the 2020 election.  It is striking that CNN would even make this argument—essentially saying that, because the President stated something relatively innocuous in an interview, this gives CNN a First Amendment privilege to twist the facts and make a completely different, sinister factual claim.[8]

The remainder of CNN's actual malice arguments are matters for a jury.  The

---

[8] CNN argues that the President's statement "bristled with ambiguities," citing *Time, Inc. v. Pape*, 401 U.S. 279, 290 (1971), and claims that it therefore had a right to offer its own interpretation of the President's statement.  However, the President's statement was not ambiguous (he was speaking hypothetically of the possibility of passively accepting information from a country such as Norway).  Even if there is any ambiguity in the statement, there is no way one can reasonably interpret the President's statement as meaning that the Campaign has decided to leave the option of actively seeking Russian assistance on the table.

Campaign is required to merely plead a plausible factual theory of actual malice.  It has done so:  that CNN was aware of reporting that contradicted the statements at issue, but consciously disregarded that reporting and published the defamatory statements anyway because of CNN's and Mr. Noble's clear preexisting biases against the President.

CNN will have an opportunity to introduce evidence to a jury refuting this theory of actual malice, namely, that CNN did not, in fact, entertain any serious doubts about publication despite its biases against President Trump or the extensive facts that contradicted its claim.

However, CNN cites no case that holds anything similar to the Campaign's allegations of actual malice to be implausible and subject to dismissal **at the pleading stage**.  This is not surprising:  while CNN may ultimately disagree with what the Campaign has pleaded, the factual theory that the Campaign alleges (that a biased news organization disregarded well-established facts and made a wild accusation that the Campaign had made an assessment and a decision to keep open the "option" of collaborating with a rival foreign power), is not implausible at all. There is thus no bar to this case proceeding to discovery.

**F. So Long as *New York Times v. Sullivan* Is Satisfied And the Complaint Pleads a False Statement of Fact, CNN Has No Independent First Amendment Defense.**

The Campaign does not contest that it is a public figure and that the actual malice standard of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) applies here. However, so long as the Complaint adequately pleads actual malice and alleges a false statement of fact not protected by the opinion rule, CNN's argument of an independent First Amendment defense to this action is completely at odds with the governing case law.

In *Milkovich v. Lorian Journal Co.*, 497 U.S. 1 (1990), the Supreme Court **rejected** CNN's First Amendment argument. *Milkovich* involved an article in a sports column, traditionally a forum for opinion within a newspaper's sports section. The article implied that Milkovich, a local wrestling coach, lied under oath in a proceeding before the state high school athletic association, in the context of opining that people are able to successfully lie in such proceedings and escape sanctions.

The Journal's central defense was that this was an opinion and that alone meant it was constitutionally immunized from defamation liability. *Id.* at 17. ("Respondents would have us recognize, in addition to the established safeguards discussed above, still another First Amendment-based protection for defamatory statements which are categorized as 'opinion' as opposed to 'fact.'"). The Court

rejected that argument.  "We are not persuaded that, in addition to these protections, an additional separate constitutional privilege for 'opinion' is required to ensure the freedom of expression guaranteed by the First Amendment."  *Id.* at 20.  The Court stated that the label "opinion" is not decisive, because statements labeled "opinion" can nonetheless make factual claims:

> If a speaker says, "In my opinion John Jones is a liar," he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications; and the statement, "In my opinion Jones is a liar," can cause as much damage to reputation as the statement, "Jones is a liar."

*Id.* at 18–19.

Thus, there is no special First Amendment privilege for false statements of fact made within articles labeled as "opinion."  So long as the Campaign makes plausible allegations of actual malice and pleads a false statement of fact (which it does), defamation liability would not offend the First Amendment.

CNN also argues for a special First Amendment privilege because the Campaign has filed lawsuits against other media outlets.  CNN does not cite a single case or authority in support of this claim.  The Campaign has the same right as any other individual or entity to seek redress from the courts for defamation.  This fact

24

has no more relevance to this case than the number of times that CNN has been named as a defamation defendant.  (A Westlaw search of 'adv: TI("cable news network") and defamation' (which should reveal cases where CNN is a party and defamation is in the text of the case) returns 29 cases published on Westlaw.)

## IV.    SHOULD THE COURT GRANT THE MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED.

"A grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim…, and, in the absence of a declared or apparent reason, an outright refusal to grant leave to amend is an abuse of discretion."  *Thomas v. Farmville Manufacturing Co.*, 705 F.2d 1307, 1308 (11th Cir. 1983).  If the Court finds any portion of CNN's motion meritorious, the Campaign requests that the Court grant leave to amend.  For instance, if necessary, and among other things, the Campaign can allege with greater specificity that CNN's own reporting rebuts the false claim in the Article that the Campaign had left the option of seeking Russian assistance on the table.

## V.    CONCLUSION

For the foregoing reasons the motion to dismiss should be denied.  If it is granted in any respect, the Court should grant leave to amend.

Dated: June 19, 2020

Respectfully submitted,

**DONALD J. TRUMP FOR
PRESIDENT, INC,**

By: */s/ David Hopkins*
       J. David Hopkins, Esq.
       Georgia Bar No. 366505
       J. David Hopkins Law, LLC
       130 Barksdale Drive
       Atlanta, Ga. 30309
       404-353-5184 (o)
       dhopkins@jdhopkinslaw.com

HARDER LLP
Charles J. Harder, Esq. (*pro hac vice* to be filed)
HARDER LLP
260 Madison Avenue
Sixteenth Floor
New York, New York 10016
Telephone: (212) 799-1400
CHarder@HarderLLP.com

## CERTIFICATE OF TYPE SIZE AND STYLE

Counsel certifies that the size and style of type used in the foregoing

document is Times New Roman 14 point.

By: */s/ David Hopkins*
       Georgia Bar No. 366505

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-CV-1045 |
| CNN BROADCASTING, INC.; CNN PRODUCTIONS, INC.; and CNN INTERACTIVE GROUP, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

This 19th day of June, 2020.

By: _/s/ David Hopkins_____
Georgia Bar No. 366505